IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE SYMEONIDIS<br><br>                          Plaintiff,<br><br>v.<br><br>EAGLE CONSTRUCTION OF VIRGINIA, INC.,<br>ATTACK/EAGLE THORNCROFT INVESTMENTS, L.C.,<br>ROBERT POLLARD, III.,<br>JEFFREY H. GEIGER,<br>and<br>ELAINE JORDAN<br><br>                         Defendants. | Civil Action Number 3:05CV589 |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Jeffrey Geiger ("Geiger") and Elaine Jordan ("Jordan") Motion to Dismiss Plaintiff's (George Symeonidis) Complaint pursuant to Federal Rules of Civil Procedure 11(a), 12(b)(1), and (12)(b)(6). Eagle Construction of Virginia, Inc. ("Eagle"), Attack/Eagle Thorncroft Investments, L.C. ("Attack/Eagle"), Robert N. Pollard, III ("Pollard") filed a separate Motion to Dismiss pursuant to Fed. R. Civ. P. 11(a), 12(b)(1), and (12)(b)(6). For the reasons stated below, Defendants Geiger and Jordan's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is hereby GRANTED. Defendants Eagle, Attack/Eagle, and Pollard's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is hereby GRANTED.

I.

**Count 1: Rescission, Fraud in the Inducement, Fraud, Misrepresentation**

On June 12, 2003, Plaintiff George Symeonidis acting on behalf of his mother, Marie Symeonidis agreed to sell her Property in Henrico County to Defendant Eagle Construction. Compl. ¶ 14. Marie Symeonidis negotiated several provisions in the Purchase Contract including permission to remain on her property with her two homes until Eagle or its assigns obtained all necessary construction permits. Compl. ¶ 24.

On June 13, 2004, Marie Symeonidis received a letter from Eagle Construction attorney, Defendant Robert Pollard, demanding that she move off the Property by June 21, 2004. Compl. ¶ 31. Marie Symeonidis claims Eagle or its assign co-Defendant Attack/Eagle forged her name on unauthorized changes in the Contract. Compl. ¶ 36. Plaintiff alleges the changes included: an omission of language requiring Eagle to give Marie Symeonidis 30-day written notice that Eagle will begin construction; fraudulently altering language allowing her to retain peaceful and quiet enjoyment of the Property after closing or until Defendant Eagle or Attack/Eagle had obtained all required approvals for building new homes in Henrico County; and fraudulently initialing Marie Symeonidis's name on the Forged Contract. Id. Marie Symeonidis, through Plaintiff notified Defendants of her intent to rescind the contract and return to Defendant Attack/Eagle the purchase price of $800,000, on the basis of fraud, misrepresentation, and forgery. Compl. ¶ 44.

**Count 2: Fraud, Wrongful Eviction**

On June 22, 2004, Attack/Eagle filed suit in the Henrico County District Court for unlawful detainer against Marie Symeonidis, seeking to evict her from the Property. Compl. ¶ 48. Plaintiff

realleges Defendants made changes to the contractual language. Compl. ¶ 52. She further alleges Defendant Attack/Eagle, through attorney Jeffrey Geiger secured a judgment against Marie Symeonidis in the Henrico County District Court by falsely testifying that Defendant had received all necessary permits. Id. Plaintiff appealed the Judgment to the Henrico County Circuit Court. The Circuit Court issued a Final Order in favor of Defendants. Plaintiff contends Ms. Symeonidis was wrongfully evicted based on Defendants' fraudulent actions. Plaintiff demands judgment in the amount of one million dollars ($1,000,000) and punitive damages amounting to three hundred fifty thousand dollars ($350,000). Compl. ¶ 59.

### Count 3: Abuse of Process

While the unlawful detainer action was pending in the Circuit Court, Marie Symeonidis filed a Bill of Complaint in chancery court and recorded a *lis pendens* against the Property. (Defs.' Jt. Addendum Ex. 8). The Bill of Complaint asserted rescission-fraud, fraud in the inducement, wrongful eviction, and conspiracy claims against Defendants. Id.

On or about October 18, 2004, Marie Symeonidis filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia seeking an automatic stay of protection from other creditors. Compl. ¶ 61. The Bankruptcy Court imposed an automatic stay to preserve Marie Symeonidis's estate. Compl. ¶ 63. Plaintiff alleges Defendant continued to prosecute the unlawful detainer against Marie Symeonidis in violation of the Bankruptcy Court's automatic stay. Compl. ¶ 66. Plaintiff alleges that Attack/Eagle misused the civil process to wrongfully evict Marie Symeonidis and prevent her from exercising her legal rights. Id.

II.

Defendants seek to dismiss Plaintiff's pro se Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). When considering such a motion, the Court must presume that all factual allegations in the complaint are true. See Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365 (4th Cir. 1980).

A. Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1).

When presented with a motion to dismiss for lack of subject matter jurisdiction, courts are free to consider evidence outside of the pleadings to resolve any factual issues. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). All reasonable inferences must be made in favor of the non-moving party. See Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969); MacKethan v. Peat, Marwick, Mitchell & Co., 439 F. Supp. 1090, 1094 (E.D. Va. 1977). The Court should not dismiss any count unless it appears beyond a doubt that the nonmoving party could not recover under any set of facts which could be proven. See Doby v. Safeway Stores, Inc., 523 F. Supp. 1162, 1167 (E.D. Va. 1981); Austin v. Reynolds Metals Co., 327 F. Supp. 1145, 1150 (E.D. Va. 1970).

A defendant may attack subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) either by contending that the complaint fails to sufficiently allege facts upon which a finding of subject matter jurisdiction can be based, or that the jurisdictional facts are untrue. King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true.

Id. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." Id. (citing Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 971 n.4 (4th Cir. 1990)).

B. Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  The Complaint of a pro se litigant, must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations by pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

---

III.

Plaintiff's Complaint fails to properly allege diversity requirements.  Plaintiff asserts that jurisdiction exists on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff may be able to allege diversity, but there are several procedural flaws in his Complaint resulting in a failure to plead diversity.  A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. See Fed. R. Civ. P. 8. See also Evans v. B.F. Perkins Co.,

166 F.3d 642, 647 (4th Cir. 1999) ("The plaintiff has the burden of proving that subject matter jurisdiction exists.").

Plaintiff's Complaint sets forth the residences of each of the natural persons who are parties to the litigation, however he does not establish the "citizenship" of Defendants Pollard, Geiger, and Jordan. (Compl. ¶ 6, ¶ 7, and ¶ 8). State citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). The existence of such citizenship cannot be inferred from allegations of mere residence, standing alone. Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998); Realty Holding Co. v Donaldson, 268 U.S. 398, 399 (1925) ("The bill alleges . . . appellee [is] a 'resident' of Michigan. This is not a sufficient allegation of appellee's Michigan citizenship."). Plaintiff's assertion that Defendants Pollard, Geiger, and Jordan are "residents" of the Commonwealth of Virginia are not sufficient to establish citizenship.

Plaintiff's Complaint also fails to comply with Fed. R. Civ. P. 11(a) since it was improperly signed by George Symeonidis on behalf of his brother. Rule 11(a) requires every pleading be signed by a party. Next to Solon Symeonidis's name, George placed his own initials. In an attempt to cure the deficiency, Plaintiff submitted an unsworn Certificate indicating that Solon had authorized him to sign the Complaint. Plaintiff's initials on the Complaint and accompanying certificate violate Fed. R. Civ. P. 11(a), which requires Solon Symeonidis's original signature on the Complaint.

IV.

Turning to the substance of Plaintiff's Complaint, Plaintiff fails to adequately allege any acts of fraud against co-Defendants Geiger and Jordan. The requirements to allege fraud are simple. A plaintiff asserting a cause of action for actual fraud, must allege: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Richmond Metro. Auth. v. McDevitt St. Bovis, Inc., 256 Va. 553, 557–58, 507 S.E.2d 344, 346–47 (1998) (citing Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994)).

Count One of the Complaint fails to make any specific allegations against Geiger or Jordan, and is dismissed with respect to both of them. In Count Two, Plaintiff fails to state a claim of fraudulent misrepresentation on which Marie Symeonidis justifiably relied to her detriment. The pertinent allegations do not involve misrepresentations made to Marie Symeonidis. Instead, Geiger's alleged false statements were made during trial in the Henrico County General District Court.

Plaintiff also fails to allege any damages caused by reliance on Defendant Geiger's alleged statements to the Court. Any loss sustained by Plaintiff was a result of the General District Court's judgment against Plaintiff, based on evidence presented at trial. Further, Plaintiff appealed the case to the Henrico County Circuit Court, which conducted its own findings of fact and considered Plaintiff's claims of fraud. Plaintiff's remedy for the adverse judgment would be to appeal the Circuit Court's decision.

Count Two of the Complaint makes no allegations with respect to Defendant Jordan, and is dismissed against Jordan.

Count Three of Plaintiff's Complaint fails to allege abuse of process against Geiger and Jordan. Abuse of process involves the wrongful use or perversion of process after it has been issued. Triangle Auto Auction, Inc. v. Cash, 238 Va. 183, 184, 380 S.E.2d 649, 650 (1989). The two essential elements of such a claim are "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." Id.; Donohoe Construction v. Mt. Vernon Assoc., 235 Va.. 531, 539, 369 S.E.2d 857, 862 (1988). Process is maliciously abused when it is used oppressively, e.g., as "a whip to force the payment of an alleged indebtedness." Mullins v. Sanders, 189 Va. 624, 635, 54 S.E.2d 116,122 (1949). Plaintiff does not allege that Defendants had an "ulterior motive." Nor does Plaintiff allege that Attack/Eagle's attorney, Elaine Jordan sought to use the unlawful detainer action as a "whip" to force payment. The only evidence before the Court is that the unlawful detainer was used for the purpose of removing Marie Symeonidis from the property in dispute.

Plaintiff failed to assert that Defendant Jordan violated the automatic stay arising from Plaintiff's bankruptcy proceeding in the U.S. Bankruptcy Court by continuing to prosecute the unlawful detainer action against Plaintiff. There was no violation of the bankruptcy stay. The Bankruptcy Court entered several orders granting relief from the automatic stay. On January 14, 2005, the Bankruptcy Court entered a final order granting Attack/Eagle relief from the automatic stay so that Attack/Eagle could continue to prosecute the unlawful detainer action in the Circuit Court. (Defs.' Jt. Addendum Ex. 12).

Finally, there is a substantial question as to whether George Symeonidis has standing to assert a claim for abuse of process. The claims assigned to George Symeonidis are those claims previously filed in the State Chancery Case. Compl. Ex. C (stating the Bankruptcy's Trustee's assignment to

George Symeonidis was limited to "any and all claims, causes of action, or other interests asserted or contained in that lawsuit currently pending in Henrico Circuit Court and styled <u>Marie R. Symeonidis v. Eagle Construction of Virginia, Inc., et al.</u>, CH04-1111"). The Bankruptcy Trustee assigned Marie Symeonidis's fraud claims in the chancery case to George Symeonidis. Since Plaintiff's allegations of abuse of process fall outside of that assignment, he does not have standing to assert a claim for abuse of process against Geiger and Jordan.

For the reasons stated, Defendants Jeffrey Geiger and Elaine Jordan's Motion to Dismiss is hereby GRANTED.

V.

Count One of Plaintiff's Complaint alleges Defendants Eagle Construction, Attack/Eagle, and Robert N. Pollard committed rescission, fraud in the inducement, and misrepresentation. Count Two alleges Defendants Attack/Eagle and Pollard committed fraud and wrongful eviction. Plaintiff's fraud claims in Counts One and Two against Eagle and Attack/Eagle are barred by the doctrine of collateral estoppel. According to Virginia law, the elements of collateral estoppel are: the parties or their privies must be the same; the factual issue sought to be litigated was actually litigated in the first action; the factual issue was essential to the prior judgment; the prior action resulted in a valid, final judgment against the party whom the doctrine is being invoked, and mutuality. <u>TransDulles Ctr. v. Sharma</u>, 252 Va. 20, 22, 472 S.E.2d 274, 275 (1996).

Defendants are able to allege privity. Privity is the mutual or successive relationships to the same rights. <u>Kesler v. Fentress</u>, 223 Va. 14, 16–17, 286 S.E. 2d 156, 157 (1982). Attack/Eagle was the named Plaintiff in the State Law case in Henrico County District Court. Attack/Eagle is the assignee of Eagle Construction, Inc., a named Defendant in the present case. Marie Symeonidis was

the named Plaintiff in the State Law case. George Symeonidis, now serves as her power of attorney in the present case. The parties in both the instant Federal case and the State case are the same.

The second requirement of collateral estoppel is that the factual issues sought to be litigated were actually litigated in the state case. On February 9, 2005, the Henrico County Circuit Court submitted its Final Order. It determined that the Purchase Contract was valid, that Ms. Symeonidis signed the Contract after all changes, deletions, and modifications to the documents had been initialed and that, according to its terms, Ms. Symeonidis was only permitted to remain on the property until April 1, 2004. The factual issues in the unlawful detainer action are the same factual issues that Plaintiff now seeks to relitigate.

Third, the prior action must have resulted in a valid, final judgment against the party whom the doctrine is being invoked. The Henrico County General District Court ruled against Plaintiff in the unlawful detainer action. Once Plaintiff appealed the case, the court conducted findings of fact to resolve the issue of who has a right to the Property. The findings of fact involved the construction of the purchase contract, which Plaintiff now seeks to relitigate. The Circuit Court submitted a Final Order, and Plaintiff has not taken an appeal. Plaintiff now questions the validity of the Court's Judgment. Plaintiff's proper remedy would have been to take an appeal from the Circuit Court's Final Order.

Finally, "mutuality" requires that a "party seeking to invoke collateral estoppel would have been bound had the prior litigation reached the opposite result." Hampton Roads Sanitation Dist. v. City of Virginia Beach, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990). Attack/Eagle, the party in the state law unlawful detainer case, was in privity with Eagle Construction, Inc., and each would have been bound by an adverse judgment in the state court. Here, the mutuality element is satisfied.

Plaintiff's argument that Defendants should be judicially estopped from arguing the federal and state cases share common facts is misplaced. Judicial estoppel prevents a party from "assuming successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." <u>Lofton Ridge, L.L.C. v. Norfolk S. Ry. Co.</u>, 268 Va. 377, 380–81, 601 S.E.2d 648, 650–51 (citing <u>Burch v. Grace St. Bldg. Corp.</u>, 168 Va. 329, 340, 191 S.E. 672, 677 (1937)). Defendants objected to consolidation of the fraud and unlawful detainer cases in state court. However, Defendants' opposition in state court, was a legal strategy, rather than a different factual position. Choosing a different legal strategy, is different from making inconsistent factual statements, and does not bar Defendants' current collateral estoppel claims. Plaintiff is collaterally estopped from relitigating the fraud claims that were fully litigated in state court.

Count Three, Plaintiff's abuse of process claim fails against Attack/Eagle for the same reasons discussed above that it fails against Defendants Geiger and Jordan. Count Three makes no allegation against Eagle, or Pollard. Defendants' Eagle, Attack/Eagle, and Pollard's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is hereby GRANTED.

## VI.

For the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED.

Plaintiff's *lis pendens* on the real property that is the subject of this case is null and void, and shall be removed.

Defendants are awarded the costs and expenses herein, including reasonable attorneys' fees.

Plaintiff is advised that he has a right to appeal the decision of the Court. Under Federal

11

Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within thirty (30) days of the date of entry of this Order. Failure to file a timely notice of appeal waives the right to an appeal. If the Plaintiff notes an appeal, he shall be required to file an appeal bond or provide other security in the form of cash or certified funds pursuant to Fed. R. App. P. 7 and 8 and Local Rule for the Fourth Circuit Court of Appeals 8 in the amount of at least $75,000.

          /s/ JAMES R. SPENCER
          UNITED STATES DISTRICT JUDGE

 November 15, 2005
DATE